**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Terrell Eugene Davis,**
*Plaintiff,*

v.

**State of Minnesota; Officer Lepinski, in his individual and official capacity; John Does 1-5; Minneapolis Police Department; Hennepin County; Linda Davis (nominal party);**
*Defendants.*

Civil Action No.: <u>25-cv-2828-JMB/DJF</u>

RECEIVED
JUL 1 0 2025

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
JUL 1 1 2025
U.S. DISTRICT COURT MPLS

---

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF UNDER 42 U.S.C. § 1983**

---

**I. JURISDICTION AND VENUE**................................................................4

    1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because the action arises under the Constitution and laws of the United States.................................4

    2. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the District of Minnesota................................4

**II. PARTIES**................................................................................4

    3. Plaintiff Terrell Eugene Davis is a natural person and resident of Hennepin County, Minnesota................................................................4

    4. Defendant State of Minnesota is named solely for injunctive and declaratory relief and is not entitled to Eleventh Amendment immunity for prospective relief claims under Ex parte Young................................................................4

    5. Defendant Officer Lepinski, sued in his individual and official capacity, is a Minneapolis police officer involved in the unconstitutional stop, search, and arrest of Plaintiff................4

    6. Defendants John Does 1-5 are unnamed officers or officials involved in the actions alleged herein, to be identified through discovery................................................4

    7. Defendant Minneapolis Police Department is a municipal agency responsible for the policies, supervision, and oversight of its officers, including Defendant Lepinski................4

    8. Defendant Hennepin County is a Minnesota political subdivision responsible for the prosecution and procedural oversight in this case................................................4

    9. Linda Davis is named solely as a nominal party for factual clarity, having owned the impounded vehicle but not being accused of wrongdoing................................................4

**I. Introduction**................................................................................4

**II. SEMANTIC VIOLATIONS**................................................................5

    A. "Cannot Be Excluded" – Forensic Probabilistic Language................................5

B. "Constructive Possession" – Ambiguous Legal Abstraction..............................................5

C. "Frequently Carries Firearm" – Temporal Vagueness........................................... 6

D. "Undercover Officer" – Misused Classification to Redact BWC........................... 6

**III. SYNTACTIC VIOLATIONS**...........................................................................................**7**

A. Passive Voice to Mask Agency in Warrant Execution........................................ 7

B. Aggregated Clauses Obscuring Distinct Legal Thresholds................................ 7

C. Conjunctions Masking Evidentiary Weakness..................................................... 7

**IV. REMEDY: CONSTITUTIONAL AND STATUTORY FRAMEWORK**.........................**8**

Federal.......................................................................................................................8

Minnesota................................................................................................................. 8

**SECTION II – CLAIM ONE: Fourth Amendment Violation – False Arrest via Linguistic Misrepresentation**..................................................................................**8**

Conclusion.................................................................................................................8

Rule........................................................................................................................... 8

Analysis..................................................................................................................... 8

Conclusion.................................................................................................................9

**SECTION III – CLAIM TWO: Fourteenth Amendment – Procedural Due Process Violations via Forensic Semantics**......................................................................**9**

Conclusion.................................................................................................................9

Rule........................................................................................................................... 9

Analysis..................................................................................................................... 9

Conclusion.................................................................................................................9

**SECTION IV – CLAIM THREE: Violation of Brady Obligations via Video Suppression and Semantic Redaction**......................................................................**10**

Conclusion............................................................................................................... 10

Rule.......................................................................................................................... 10

Analysis.................................................................................................................... 10

Conclusion............................................................................................................... 10

**SECTION V – CLAIM FOUR: Monell Liability – Institutionalized Semantic Misuse in Evidence Presentation**........................................................................**10**

Conclusion............................................................................................................... 10

Rule.......................................................................................................................... 10

Analysis.....................................................................................................................11

Conclusion............................................................................................................... 11

**SECTION VI – CLAIM FIVE: Fourteenth Amendment – Equal Protection Violations via Selective Charging and Vague Informant Language**...........................**11**

Conclusion................................................................................................................ 11

Rule............................................................................................................................11

Analysis.....................................................................................................................11

Conclusion............................................................................................................... 12

**SECTION VII – CLAIM SIX: Declaratory and Injunctive Relief – Prospective Correction of Systemic Constitutional Violations**..........................................................................**12**

Conclusion.................................................................................................12

Rule...........................................................................................................12

Analysis...................................................................................................12

Conclusion...............................................................................................13

PRAYER FOR RELIEF..............................................................................13

JURY DEMAND.........................................................................................14

**TABLE OF AUTHORITIES..................................................................14**

United States Supreme Court Cases.......................................................14

● Brady v. Maryland, 373 U.S. 83 (1963)................................................14

● Ex parte Young, 209 U.S. 123 (1908)..................................................14

● Illinois v. Gates, 462 U.S. 213 (1983).................................................14

● Monell v. Department of Social Services, 436 U.S. 658 (1978)..........14

● United States v. Armstrong, 517 U.S. 456 (1996)..............................14

● Village of Willowbrook v. Olech, 528 U.S. 562 (2000)........................14

● Yick Wo v. Hopkins, 118 U.S. 356 (1886)...........................................14

Eighth Circuit and Minnesota Supreme Court / Appellate Cases.........14

● Andersen/Al-Naseer Standard (Cited interpretively via circumstantial burden analysis)....15

● State v. Bowers, 482 N.W.2d 774 (Minn. App. 1992).........................15

● State v. Colsch, 284 N.W.2d 839 (Minn. 1979)..................................15

● State v. Cook, 610 N.W.2d 664 (Minn. App. 2000)............................15

● State v. Diede, 795 N.W.2d 836 (Minn. 2011)....................................15

● State v. Nelson, 842 N.W.2d 433 (Minn. 2014)..................................15

● State v. Traylor, 656 N.W.2d 885 (Minn. 2003)..................................15

● State v. Williams, 759 N.W.2d 438 (Minn. App. 2009).......................15

Constitutional Provisions........................................................................15

● U.S. Const. amend. IV..........................................................................15

● U.S. Const. amend. XIV........................................................................15

● Minn. Const. art. I, §§ 7, 10.................................................................15

Federal Statutes......................................................................................15

● 28 U.S.C. §§ 1331, 1343, 1391...........................................................15

● 28 U.S.C. §§ 2201–2202......................................................................15

● 42 U.S.C. § 1983..................................................................................15

● 42 U.S.C. § 1988..................................................................................16

Minnesota Rules and Laws.....................................................................16

● Minn. R. Crim. P. 9.01..........................................................................16

● Minn. R. Crim. P. 11.04........................................................................16

● Minn. R. Evid. 403................................................................................16

● F.R.C.P. 9.01 (as referenced for semantic suppression analysis).....16

CERTIFICATE OF COMPLIANCE.............................................................16

SIGNATURE AND SERVICE BLOCK.......................................................16

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because the action arises under the Constitution and laws of the United States.
2. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the District of Minnesota.

---

## II. PARTIES

3. **Plaintiff Terrell Eugene Davis** is a natural person and resident of Hennepin County, Minnesota.
4. **Defendant State of Minnesota** is named solely for injunctive and declaratory relief and is not entitled to Eleventh Amendment immunity for prospective relief claims under Ex parte Young.
5. **Defendant Officer Lepinski**, sued in his individual and official capacity, is a Minneapolis police officer involved in the unconstitutional stop, search, and arrest of Plaintiff.
6. **Defendants John Does 1-5** are unnamed officers or officials involved in the actions alleged herein, to be identified through discovery.
7. **Defendant Minneapolis Police Department** is a municipal agency responsible for the policies, supervision, and oversight of its officers, including Defendant Lepinski.
8. **Defendant Hennepin County** is a Minnesota political subdivision responsible for the prosecution and procedural oversight in this case.
9. **Linda Davis** is named solely as a nominal party for factual clarity, having owned the impounded vehicle but not being accused of wrongdoing.

---

## LINGUISTIC SEMANTICS AND SYNTACTICS VIOLATING CONSTITUTIONAL AND STATUTORY LAW

---

## I. Introduction

Semantic and syntactic manipulation is a form of **procedural sabotage** where the **meaning or structure of language is twisted** to circumvent legal thresholds. In Davis's case, these violations arise in:

- Warrant affidavits based on vague informant language,
- Forensic DNA reports with statistically manipulative wording,
- Court filings or judicial orders relying on misleading legal labels.

This section identifies **unconstitutional linguistic and structural devices** across federal and state authority.

---

## II. SEMANTIC VIOLATIONS

### A. "Cannot Be Excluded" – Forensic Probabilistic Language

**Statistical Semantics Violation:**

- Phrase: *"Terrell Davis cannot be excluded as a contributor"* (from a five-person DNA mixture).
- **Violation**: Misleading the jury to assume inclusion ≈ guilt, contrary to *State v. Nelson, 842 N.W.2d 433* and *State v. Traylor, 656 N.W.2d 885*.

**Constitutional Impact**:

- **Due Process (14th Amendment; Minn. Const. Art. I, § 7)**: Creates a false inference of certainty.
- **Rule 403 Minn. R. Evid.**: Prejudicial language outweighs probative value.

---

### B. "Constructive Possession" – Ambiguous Legal Abstraction

**Semantic Shell Game**:

- Phrase: *"Defendant constructively possessed the firearm"*
- **Problem**: Lacks temporal or physical factual support, enabling guilt by proximity or association.

**Legal Violation**:

- Violates *State v. Colsch*, 284 N.W.2d 839 (1979): must show *exclusive dominion and knowledge*.
- Invites inference-based guilt, rather than fact-based adjudication.

**Constitutional Impact**:

- **Fourth Amendment / Article I, § 10 MN Const.**: Invalidates warrant-based seizure if predicated on semantic fiction.

---

### C. "Frequently Carries Firearm" – Temporal Vagueness

**Vague Linguistic Framing**:

- Phrase: *"CI1 stated Davis frequently carries a firearm."*
- **Issue**: Indefinite frequency + no timeframe = unconstitutional generalization.

**Legal Violation**:

- *State v. Cook*, 610 N.W.2d 664 (Minn. App. 2000): CI reliability requires time-specific and firsthand basis of knowledge.
- *Illinois v. Gates*, 462 U.S. 213 (1983): Probable cause must rest on verifiable, predictive behavior.

---

### D. "Undercover Officer" – Misused Classification to Redact BWC

**Misclassification by Semantics**:

- Phrase: *"Video cannot be disclosed due to presence of undercover officer."*
- **Issue**: Used to redact/destroy exculpatory footage under Brady v. Maryland, 373 U.S. 83 (1963).

**Legal Violation**:

- *State v. Williams*, 759 N.W.2d 438 (Minn. App. 2009): Video cannot be redacted to impair defense rights.
- Violates **F.R.C.P. 9.01** and **Brady obligations** under both federal and state law.

---

## III. SYNTACTIC VIOLATIONS

### A. Passive Voice to Mask Agency in Warrant Execution

- Syntax: *"A gun was found."*
- **Problem**: Who found it? When? Under what authority? Passive construction deflects accountability.

**Constitutional Consequences**:

- **Fourth Amendment & Chain-of-Custody Doctrine**: Requires specificity.
- Violates *State v. Bowers*, 482 N.W.2d 774: Vague attribution undermines evidentiary integrity.

---

### B. Aggregated Clauses Obscuring Distinct Legal Thresholds

- Syntax: *"Based on CI statements and Davis's driving after revocation, the vehicle was searched."*
- **Problem**: Conflates CI-based suspicion (firearm) with traffic stop rationale (revoked license), bypassing separate probable cause analyses.

**Violation**:

- *State v. Diede*, 795 N.W.2d 836: Post-stop justifications must independently meet Fourth Amendment scrutiny.

---

### C. Conjunctions Masking Evidentiary Weakness

- Syntax: *"The DNA, along with prior CI tips, supports possession."*
- **Issue**: Weak elements are bundled syntactically to simulate legal sufficiency.

**Legal Impact**:

- Violates *Andersen/Al-Naseer* standard: Circumstantial evidence must rule out *all* alternative hypotheses.

---

## IV. REMEDY: CONSTITUTIONAL AND STATUTORY FRAMEWORK

### Federal

- **42 U.S.C. § 1983**: Enforces constitutional violations through state misuse of language in deprivation of rights.
- **Federal Rules of Evidence 403/702**: Bar prejudicial semantic structuring (e.g., overreliance on "cannot be excluded").

### Minnesota

- **Minn. R. Crim. P. 11.04**: Requires factual sufficiency in complaints—violated by abstract, speculative phraseology.
- **Minn. Const. Art. I, § 7 & § 10**: Safeguard specificity in process, warranting suppression or dismissal where linguistic sabotage is present.

## SECTION II – CLAIM ONE: Fourth Amendment Violation – False Arrest via Linguistic Misrepresentation

### Conclusion

Defendants violated Mr. Davis's Fourth Amendment rights by arresting him based on linguistically ambiguous, syntactically misleading, and semantically unconstitutional evidence constructs, rather than concrete probable cause.

### Rule

Under *Illinois v. Gates*, 462 U.S. 213 (1983), probable cause must be rooted in reliable, verifiable facts, not linguistic speculation. Passive or abstract syntactic phrasing that masks factual insufficiency undermines the "reasonable officer" standard and renders the arrest constitutionally void.

### Analysis

- Use of **"constructive possession"** devoid of temporal or dominion specificity violated *State v. Colsch*, 284 N.W.2d 839 (Minn. 1979).
- Use of **"a firearm was found"** masks who found it, when, and how, thereby eroding accountability and violating *State v. Bowers*, 482 N.W.2d 774 (Minn. App. 1992).

- The phrase **"based on CI tips and revoked license"** combines legally distinct rationales under a single syntax stream, enabling constitutional bait-and-switch.

## Conclusion

These linguistic devices created an appearance of legal sufficiency that did not exist, resulting in an unlawful seizure under the Fourth Amendment. This count states a claim under 42 U.S.C. § 1983 for false arrest.

## SECTION III – CLAIM TWO: Fourteenth Amendment – Procedural Due Process Violations via Forensic Semantics

### Conclusion

Defendants used misleading forensic language to prejudice the Plaintiff's due process rights under the Fourteenth Amendment and Minn. Const. Art. I, § 7.

### Rule

Due process demands that evidence be accurate, not misleading. *State v. Traylor*, 656 N.W.2d 885 (Minn. 2003) and *Brady v. Maryland*, 373 U.S. 83 (1963) bar the use of probabilistic misrepresentations that substitute scientific ambiguity for guilt inference.

### Analysis

- The phrase **"Davis cannot be excluded"** as a contributor to a 5-person DNA mixture falsely implies confirmation rather than exclusion-neutrality, violating *State v. Nelson*, 842 N.W.2d 433.
- Statistics such as **"100 billion times more likely"** are syntactic sleights that mask the underlying conditionality of those figures, creating jury confusion and due process distortion.
- No major contributor identified, no fingerprint correlation, and no forensic chain integrity—all buried under probabilistic phrasing.

### Conclusion

By mischaracterizing ambiguous forensic results with authoritative semantics, the State deprived Plaintiff of a fair adjudicative process in violation of the Fourteenth Amendment.

**SECTION IV – CLAIM THREE: Violation of Brady Obligations via Video Suppression and Semantic Redaction**

**Conclusion**

The withholding and redaction of exculpatory Body-Worn Camera (BWC) footage under linguistic pretext constitutes a *Brady* violation and a structural due process breach.

**Rule**

*Brady* and *State v. Williams*, 759 N.W.2d 438 (Minn. App. 2009) require full disclosure of exculpatory video unless narrowly justified by compelling, reviewable state interests. "Undercover officer" status cannot override constitutional access rights when used as a semantic cover.

**Analysis**

- Officers deactivated BWC mid-stop with no justification—then claimed *"undercover identity protection"* to shield non-released segments.
- Video not included in the GO report, violating Minn. R. Crim. P. 9.01.
- Language used to justify redaction lacked temporal clarity or necessity—revealing **semantic sabotage** to obstruct truth-finding.

**Conclusion**

These tactics obstructed Plaintiff's confrontation rights, rendered the trial fundamentally unfair, and violated both the U.S. and Minnesota Constitutions.

**SECTION V – CLAIM FOUR: Monell Liability – Institutionalized Semantic Misuse in Evidence Presentation**

**Conclusion**

Municipal entities and supervisors permitted, ratified, and institutionalized the misuse of language in evidence presentation and constitutional interpretation, rendering them liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**Rule**

A municipality is liable under § 1983 when a policy or custom causes a constitutional violation. Misuse of legal language (constructive possession, forensic implication, redacted video) that becomes normalized through institutional practice satisfies *Monell*.

**Analysis**

- Minneapolis Police Department used template warrants built on **linguistic boilerplate** from vague CI tips.
- Hennepin County permitted DNA reports to be framed using **statistical exaggeration**, aware of prejudicial impact.
- Supervisors failed to train on **semantic neutrality** in courtroom testimony and warrant affidavits.

**Conclusion**

This count supports direct liability for Minneapolis PD and Hennepin County for systemic, language-based deprivation of constitutional rights.

**SECTION VI – CLAIM FIVE: Fourteenth Amendment – Equal Protection Violations via Selective Charging and Vague Informant Language**

**Conclusion**

The State of Minnesota, through its agents and prosecutors, selectively targeted Plaintiff Terrell Eugene Davis for prosecution based on vague, nonspecific language from confidential informants while declining to pursue similarly situated individuals, thereby violating the Equal Protection Clause of the Fourteenth Amendment.

**Rule**

Under the Equal Protection Clause, similarly situated individuals must be treated alike. *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), and *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), establish that selective enforcement or charging based on arbitrary criteria or unsupported allegations offends constitutional norms.

Additionally, where law enforcement relies on **facially neutral standards**—such as CI tips—but **applies them with an "unequal hand"**, the Equal Protection Clause is violated. (*See United States v. Armstrong*, 517 U.S. 456 (1996)).

**Analysis**

- The language used by informants—e.g., **"frequently carries a firearm"**, or **"was seen with a gun recently"**—lacks specificity, temporality, or predictive reliability.
- These tips were insufficient for search warrant issuance under *State v. Cook*, 610 N.W.2d 664 (Minn. App. 2000), but were nonetheless acted upon because Davis was known to police.
- Others with equal access to the vehicle—e.g., Linda Davis or unnamed family members—were not investigated or charged, despite equal factual proximity.
- Informants provided no corroborated detail, yet charges were brought against Davis exclusively, with the forensic "cannot exclude" result leveraged to justify an otherwise unprovable claim.
- The BWC suppression and lack of transparent forensic handling created a **disparate procedural path** for Davis compared to other suspects.

## Conclusion

This pattern of **informant-based ambiguity**, coupled with selective prosecution against Davis while ignoring others equally implicated, constitutes an Equal Protection violation. The state applied its charging power with **an unequal hand and discriminatory discretion**, in direct contravention of the Fourteenth Amendment and § 1983.

---

## SECTION VII – CLAIM SIX: Declaratory and Injunctive Relief – Prospective Correction of Systemic Constitutional Violations

### Conclusion

Plaintiff seeks declaratory and injunctive relief to halt the continued use of linguistically deficient legal standards, misleading forensic terminology, and selective charging practices that violate the U.S. Constitution and perpetuate structural injustice.

### Rule

Declaratory relief is authorized under 28 U.S.C. §§ 2201–2202. Injunctive relief is appropriate where there is an ongoing or credible threat of future harm. *Ex parte Young*, 209 U.S. 123 (1908), permits suit against state officials for prospective relief to enjoin unconstitutional conduct.

### Analysis

- The Minneapolis Police Department continues to employ confidential informant tips without temporal anchoring, violating *Illinois v. Gates* and equal protection norms.
- The Bureau of Criminal Apprehension (BCA) persists in presenting probabilistic DNA language such as **"cannot be excluded"** without proper statistical disclaimers, misinforming juries and inflating prejudicial impact.
- The Hennepin County Attorney's Office utilizes redacted BWC evidence under semantic labels like "undercover officer," weaponizing procedural ambiguity against indigent or pro se defendants.
- These practices reflect **a pattern, not an anomaly**, and Davis is likely to face similar conduct again absent judicial intervention.

## Conclusion

Plaintiff seeks a declaration that these practices violate the Fourth and Fourteenth Amendments, and an injunction prohibiting:

1. The use of "cannot be excluded" DNA language without statistical warnings;
2. Charging decisions based on CI information lacking predictive or temporal detail;
3. Redaction or nondisclosure of BWC absent compelling judicial findings;
4. Constructive possession charges absent demonstrable dominion and knowledge.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Declare** that Defendants' actions violated Plaintiff's constitutional rights;

2. **Enjoin** the future use of vague informant language, misleading forensic phrasing, unjustified redactions, and speculative possession claims;

3. **Award compensatory damages** for Plaintiff's emotional, reputational, and liberty-based injuries;

4. **Award punitive damages** against all individual Defendants;

5. **Award costs and attorneys' fees** under 42 U.S.C. § 1988;

6. **Grant any additional relief** the Court deems just and proper.

---

## JURY DEMAND

Plaintiff hereby demands a jury trial on all triable issues.

---

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

- *Brady v. Maryland*, **373 U.S. 83 (1963)**

- *Ex parte Young*, **209 U.S. 123 (1908)**

- *Illinois v. Gates*, **462 U.S. 213 (1983)**

- *Monell v. Department of Social Services*, **436 U.S. 658 (1978)**

- *United States v. Armstrong*, **517 U.S. 456 (1996)**

- *Village of Willowbrook v. Olech*, **528 U.S. 562 (2000)**

- *Yick Wo v. Hopkins*, **118 U.S. 356 (1886)**

---

**Eighth Circuit and Minnesota Supreme Court / Appellate Cases**

- *Andersen/Al-Naseer Standard* (Cited interpretively via circumstantial burden analysis)

- *State v. Bowers*, 482 N.W.2d 774 (Minn. App. 1992)

- *State v. Colsch*, 284 N.W.2d 839 (Minn. 1979)

- *State v. Cook*, 610 N.W.2d 664 (Minn. App. 2000)

- *State v. Diede*, 795 N.W.2d 836 (Minn. 2011)

- *State v. Nelson*, 842 N.W.2d 433 (Minn. 2014)

- *State v. Traylor*, 656 N.W.2d 885 (Minn. 2003)

- *State v. Williams*, 759 N.W.2d 438 (Minn. App. 2009)

---

**Constitutional Provisions**

- U.S. Const. amend. IV

- U.S. Const. amend. XIV

- Minn. Const. art. I, §§ 7, 10

---

**Federal Statutes**

- 28 U.S.C. §§ 1331, 1343, 1391

- 28 U.S.C. §§ 2201–2202

- 42 U.S.C. § 1983

- **42 U.S.C. § 1988**

---

**Minnesota Rules and Laws**

- **Minn. R. Crim. P. 9.01**

- **Minn. R. Crim. P. 11.04**

- **Minn. R. Evid. 403**

- **F.R.C.P. 9.01 (as referenced for semantic suppression analysis)**

## CERTIFICATE OF COMPLIANCE

I, **Terrell Eugene Davis**, certify that this Complaint complies with all applicable rules, is not presented for any improper purpose, and that the factual contentions have evidentiary support.

---

## SIGNATURE AND SERVICE BLOCK

**/s/ Terrell Eugene Davis**
 **Terrell Eugene Davis, Pro Se**
 4630 Sheridan Ave N
 Minneapolis, MN 55412
 Tel: (612) 598-2443

**Served via:**

- Minnesota eFS or Certified Mail

- Office of the Minnesota Attorney General

- Hennepin County Attorney

- Minneapolis Police Legal Unit

**Dated:** June 20, 2025