# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Terrell Eugene Davis, | Case No. 25-CV-2828 (JMB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Minnesota; Lepinski, Officer – in his individual and official capacity; John Does 1-5; Minneapolis Police Department; Hennepin County; and Brian O'Hara, Chief of Police, individual and official capacity; | |
| Defendants. | |

This matter comes before the Court on Plaintiff Terrell Eugene Davis's application to proceed in forma pauperis (IFP Application). (Doc. No. 3.) For the reasons noted below, the Court denies the IFP Application and dismisses the Amended Complaint[1] (Doc. No. 5 [hereinafter "Am. Compl."]) without prejudice.

Courts must deny an IFP application and dismiss the underlying legal action if a complaint fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (per curiam). A complaint "must contain sufficient

---

[1] Davis was provided an opportunity to file an amended complaint following a preliminary review of his initial complaint under 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 4.) In response to that order, Davis filed two documents, one of which has been docketed as an "Amended Complaint" (Doc. No. 5) and the other has been docketed as "Complaint" (Doc. No. 6). The documents appear to be identical, except that Davis handwrote "Amended Complaint" on the first of the documents but not the second. The Court construes the first document (Doc. No. 5) as the operative pleading in this matter.

1

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In reviewing whether a complaint states a claim on which relief may be granted, courts accept as true the factual allegations in a complaint and draw all reasonable inferences in a plaintiff's favor.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009).  However, courts are not bound to accept legal conclusions couched as factual allegations.  *See Iqbal*, 556 U.S. at 678.  Complaints filed by self-represented plaintiffs, while construed liberally, "still must allege sufficient facts to support the claims advanced."  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The Complaint seeks relief pursuant to 42 U.S.C. § 1983 against Lepinski, the Minneapolis Police Department and its chief of police, Hennepin County, the State of Minnesota, and several unnamed officers.  Among many unrelated and confusing statements, the Amended Complaint includes allegations concerning a traffic stop, and the Court construes the Complaint to state a claim for violation of Davis's Fourth Amendment rights under section 1983 as a result of a warrantless search of the vehicle Davis was driving.[2]  The allegations are not sufficient to state a plausible claim under section 1983.

---

[2] Although the Amended Complaint includes separate headings for claims other than violation of the Fourth Amendment, the Court dismisses those claims pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure (requiring that all pleadings include "a short and plain statement of the claim showing that the pleader is entitled to relief").  Apart from the Fourth Amendment violation, the various claims asserted do not satisfy the requirements of Rule 8.  For instance, the first five pages of the eight-page pleading refer to claims that do not appear to have any basis in law, including a claim for "False Arrest via Linguistic Misrepresentation," "Procedural Due Process Violations via Forensic Semantics," "Violation of Brady Obligations via Video Suppression and Semantic Redaction," and "Institutionalized Semantic Misuse in Evidence Presentation."  (Am.

Initially, the Court dismisses all claims against the State of Minnesota, Hennepin County, the Minneapolis Police Department, and Brian O'Hara, as well as the claims against Lepinski and other unnamed officers in their official capacities. None of the allegations in the Amended Complaint relate to the State of Minnesota or Hennepin County, so the Court is compelled to dismiss claims against these Defendants.[3] In addition, the Minneapolis Police Department[4] and O'Hara are involved only in so far as O'Hara and the Minneapolis Police Department exercise some general supervisory authority over Lepinski and the unnamed officers. The Court must dismiss these claims because supervisory responsibility over someone, without more, cannot form the basis for a claim against municipalities or government officers in their official capacities. *See, e.g.*, *Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("[U]nder § 1983, local governments are responsible only for 'their *own* illegal acts'"; they "are not vicariously liable . . . for their employees' actions." (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)) (emphasis in original)); *Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018) (noting that "neither municipalities nor government officials may be held liable for unconstitutional conduct under a theory of respondeat superior."); *see also, e.g.*, *Parrish v. Ball*, 594 F.3d 993, 997

---

Comp. at 2–4.) The Court dismisses these claims. *See Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1153–54 (D. Minn. 2011) (dismissing certain claims because they were not plainly pleaded).

[3] In addition, the Court notes that litigants cannot bring section 1983 claims against the State of Minnesota. *E.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

[4] Litigants cannot bring section 1983 claims against a police department because such claims are properly claims against municipalities. *E.g.*, *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam).

(8th Cir. 2010) (same). Instead, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick*, 563 U.S. at 60–61 (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also, e.g.*, *Kelly v. City of Omaha*, 813 F.3d 1070, 1075–76 (8th Cir. 2016) (applying elements of a *Monell* claim). Absent some allegations concerning the elements of municipal liability, such as an allegation that Lepinski or the unnamed officers acted pursuant to an unlawful policy, the Court dismisses all claims against Lepinski and other unnamed officers in their official capacities.[5]

In addition, the Court dismisses the remaining claims against Lepinski and the unnamed officers in their personal capacities, concluding that the Amended Complaint fails to state a violation of the Fourth Amendment for two reasons. First, the Amended Complaint refers to the wrong legal standard for the traffic stop. "To comply with the Fourth Amendment, a traffic stop must be justified by reasonable suspicion . . . that criminal activity may be afoot." *Saunders v. Thies*, 38 F.4th 701, 710 (8th Cir. 2022) (internal quotation marks and citations omitted) (omission in original). Davis has failed to

---

[5] The Amended Complaint also includes a passing reference to Sections 7 and 10 of the Minnesota Constitution and the Equal Protection Clause of the Unites States Constitution. (Am. Compl. at 4.) These references do not seek to state a claim under those provisions., but the Court observes that, subject to certain exceptions not present here, *see, e.g.*, *Daywitt v. Moser*, No. 17-CV-1720 (WMW/LIB), 2019 WL 5104804, at *5–6 (D. Minn. June 5, 2019), the Minnesota Constitution does not provide a private right of action, *see Perryman v. City of Bloomington*, 704 F. Supp. 3d 961, 972 (D. Minn. 2023). In addition, the Amended Complaint includes no allegations concerning treatment of similarly situated individuals as required to state a claim under the Equal Protection Clause. *E.g.*, *Johnson v. Crooks*, 326 F.3d 995, 1000 (8th Cir. 2003). The Court, therefore, declines to address these references any further.

plausibly allege that Lepinski lacked reasonable suspicion to justify the traffic stop. Instead, the Amended Complaint alleges that "Lepinksi had no probable cause to pull the car over." (Am. Compl. at 7.) Absent allegations concerning the correct legal standard, the Court must dismiss the claim.

Second, to the extent that the Amended Complaint challenges the warrantless search of the vehicle rather than, or in addition to, the traffic stop, the Amended Complaint includes no allegations that could, if true, establish that the vehicle search violated the Fourth Amendment. The Amended Complaint explains that the firearm in question was recovered after a search of the vehicle that was conducted pursuant to impounding the vehicle. (Am. Compl. at 6.) Law enforcement officers may conduct such searches under the community caretaking exception to the warrant requirement. *E.g.*, *United States v. Potter*, 125 F.4th 916, 919 (8th Cir. 2025) (noting that "as part of their 'community caretaking' function, police may impound a vehicle" and "'conduct a warrantless inventory search'" of the vehicle without violating the Fourth Amendment (quoting *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973) and *United States v. Williams*, 777 F.3d 1013, 1015 (8th Cir. 2015)); *see also United States v. Morris*, 915 F.3d 552, 556 (8th Cir. 2019) (observing that an inventory search is one of the "well-defined exceptions to the warrant requirement" (internal quotation marks and citation omitted)); *Williams*, 777 F.3d at 1015 ("It is 'well-settled' law that 'a police officer, after lawfully taking custody of an automobile, may conduct a warrantless inventory search of the property to secure and protect vehicles and their contents within police custody.'" (quoting *United States v. Rehkop*, 96 F.3d 301, 305 (8th Cir. 1996))). The Amended Complaint contains no factual

allegations concerning the inventory search. Instead, the Amended Complaint assumes, contrary to caselaw, that law enforcement officers require a warrant or probable cause to search a vehicle incident to towing or impounding it.

Therefore, the Court dismisses this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Given this decision, the Court also denies Davis's IFP Application.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Terrell Eugene Davis's IFP Application (Doc. No. 3) is DENIED.

2. The Amended Complaint (Doc. No. 5) is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 14, 2025                /s/ *Jeffrey M. Bryan*
                                        Judge Jeffrey M. Bryan
                                        United States District Court